## RECTOR GAGE, ADM'R ORIN HOYT'S EST., v. EDWIN HOYT.

*Deed, Consideration for. Receipt. Annuity.*

In an action of *assumpsit* the plaintiff put in evidence a deed of a farm executed by his intestate to the defendant, in which deed was the following clause: "*In consideration of our support during our natural lives and $60 paid to us annually to our satisfaction;*" *Held*, that these words did not import that the annuity *had been* paid, and as the grantor lived six years, that the plaintiff was entitled to recover $360 and interest.

GENERAL ASSUMPSIT. Plea, general issue, and notice. Trial by court, June Term, 1885, VEAZEY, J., presiding. Judgment, that the plaintiff recover "six annual payments,

of $60 each, for the six years next preceding the date of the suit, with interest thereon from date each fell due."

The deed was a deed of a farm occupied by the grantor and his wife. After the conveyance the defendant took possession of the farm. The grantors received the support as provided in the deed, but there was no evidence, except the deed, which tended to show that the annuity of $60, or any part of it, was ever paid. This suit was brought to recover that part of the consideration. The ground of defence was that the deed imported no promise or obligation to pay the $60 from year to year in the future, but that it had been paid at the time of the conveyance. Orin Hoyt deceased after this suit was commenced—May 20, 1884. The other facts are sufficiently stated in the opinion of the court.

*E. R. Hard,* for the plaintiff.

*Henry S. Foote* and *F. E. Woodbridge,* for the defendant.

By no rule of language or law can the words "paid to our satisfaction" by connection with any other words, or phrases, be construed into an agreement *to pay,* in the future.

"Paid to our satisfaction" is almost universally used in deeds to express something already received by the grantor. 2 Pars. Con. 7, 8, 12, 76; Chit. Con. 95; *Barker* v. *Troy & Rut. R. R. Co.* 27 Vt. 766.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of general assumpsit, brought to recover the amount named in a deed executed by the intestate and his wife on the 6th of October, 1876, to the defendant and Martin Hoyt.

The only evidence offered by the plaintiff in support of the claim made by him was said deed. The consideration for the conveyance is expressed in said deed in these words: "In consideration of our support during our natural lives

and sixty dollars paid to us annually to our satisfaction;" and the only contention is as to the construction that should be given to that sentence.

It is claimed by the defendant that the words " paid to us annually to our satisfaction," mean that the annuity had then been paid up. If such had been the understanding of the parties, why was any mention made in the deed of the payment of a yearly sum ? If it had been paid and its payment constituted a portion of the consideration for the deed, why was not its *receipt* evidenced by such words as are usually employed for such a purpose ? We think the words " paid to our satisfaction " have reference to the future payments to be made, and cannot be construed as an acknowledgment that payment had then been made. This construction is, in our judgment, in accordance with the understanding of the parties to the deed.

The judgment is affirmed.